UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GORMAN, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:24-cv-01663-MTS |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of self-represented Petitioner Michael Gorman's Complaint and the pending motions. After a thorough review of the filings, the Court concludes that Gorman seeks habeas relief under 28 U.S.C. § 2241. Because this Court is not the proper United States District Court in which to bring this proceeding, the Court will dismiss this matter without prejudice, which will allow Gorman to file a proper petition in the proper court.

\*

Gorman initiated this case by filing a Court-provided form for pursuing an action under 42 U.S.C. § 1983. Doc. [1]. Gorman named two Defendants in his Complaint: the United States of America and the Federal Bureau of Prisons ("BOP"). Although he left the "Statement of Claim" entirely blank in the form, he attached a copy of an Informal Resolution Request ("IRR") he filed with the BOP on April 24, 2024. Doc. [1-4]. The IRR indicated that Gorman is pursuing "jail time credit" for time spent in custody while awaiting sentencing on his federal charge of being a felon in possession of a firearm in

*United States v. Gorman*, 4:20-cr-00479-SRC (E.D. Mo.). Petitioner additionally attached to his Complaint copies of the BOP's response to his IRR, filed on April 29, 2024, and the BOP Regional Administrative Appeal Response. Doc. [1-4].

Though Petitioner filed this action on the form for prisoner civil rights complaints under 42 U.S.C. § 1983, his claim simply is not one under § 1983. Section 1983 provides a private cause of action against any person who, under color of state law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 is not directed at conduct by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016); *see also Rodriguez v. Giles W. Dalby Corr. Facility*, 552 F. App'x 382, 383 (5th Cir. 2014) ("Section 1983 provides for an action against state but not federal actors."); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law.").\*

Rather, Gorman's Complaint can be properly understood as a Petition seeking a writ of habeas corpus. *Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) ("A claim for speedier release is actionable by writ of habeas corpus[.]"); *see also Johnson v. City of*

---

\* Nor is Gorman's claim cognizable as a *Bivens* claim, which "is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). There is no reason to think that *Bivens* should be extended to this context. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (explaining that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts"). Furthermore, a *Bivens* claim "is analogous to an action under § 1983," *Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (per curiam), and it is well settled that inmates cannot "obtain release from custody through a section 1983 action," *Hammond v. Delano*, 69 F.3d 541 (8th Cir. 1995) (per curiam).

*Shelby*, 574 U.S. 10, 11–12 (2014) (explaining that a plaintiff's claim for relief need not set out the proper legal theory); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (instructing that "a pro se complaint should be given liberal construction," meaning "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework"). Specifically, Gorman's claim is one under 28 U.S.C. § 2241 challenging the Federal Bureau of Prison's computation of his sentence. *See George v. Longley*, 463 F. App'x 136, 139 (3d Cir. 2012) (per curiam) (noting sentence-computation challenges are "correctly brought" under 28 U.S.C. § 2241); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (finding prisoner's attack to the manner in which his sentence is carried out or the prison authorities' determination of its duration is properly pursued under § 2241); *see also, e.g.*, *Hamell v. Rivera*, 775 F. App'x 831 (8th Cir. 2019) (per curiam) (finding no error by the Bureau of Prisons in sentence computation challenge brought under 28 U.S.C. § 2241).

Properly construed as a Petition under 28 U.S.C. § 2241, Gorman has not properly brought this § 2241 claim in this Court. Jurisdiction over a petition for a writ of habeas corpus under 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present. *Deardorff v. Hendrix*, 4:20-cv-01574-SEP, 2020 WL 6708521, at *2 (E.D. Mo. Nov. 13, 2020) (citing *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Gorman is incarcerated at Big Sandy, the United States Penitentiary located in Martin County, Kentucky. Because the Court lacks jurisdiction

over Gorman's Petition, the Court will dismiss the Petition without prejudice.

The Court will dismiss this action as opposed to transferring it pursuant to 28 U.S.C. § 1631 because the Court finds transfer here would not be in the interest of justice for multiple reasons.  First, as already mentioned, Gorman submitted his Petition on the incorrect form, which he, in any event, also largely failed to complete.  Second, Gorman's Petition did not name the correct Respondent.  The statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."  28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  Third, Gorman's filings suggest that he has not completed the final step to exhaust his administrative remedies.  *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (review of claim concerning the computation of a sentence under § 2241 is obtainable "only after a prisoner exhausts administrative remedies"); *cf. United States v. Nelson*, 55 F. App'x 401 (8th Cir. 2003) (per curiam) (affirming denial of motion filed in criminal case seeking relief regarding sentence computation where defendant conceded he did not first exhaust his administrative remedies with BOP).  And, finally, Petitioner has neither paid the five-dollar filing fee, *see* 28 U.S.C. § 1914(a), nor filed an appropriate motion to proceed without prepayment of the fee, *see* Rules Governing Section 2254 Cases and Section 2255 Proceedings 1(b), 3(a)(2).  For at least these reasons, it would not be in the interest of justice to transfer this Petition to the proper United States District Court in Kentucky.

Therefore, the Court will enter an Order of Dismissal dismissing Gorman's Petition without prejudice.

Dated this 20th day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE